UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TYSONJA CASTLEBERRY							CIVIL ACTION NO. 17-cv-0515

VERSUS										JUDGE HICKS

NATIONAL UNION FIRE INSURANCE				MAGISTRATE JUDGE HORNSBY
CO. OF PITTSBURGH PA, ET AL

**MEMORANDUM ORDER**

Tysonja Castleberry ("Plaintiff") filed this civil action in state court against four defendants for recovery of personal injury damages in connection with a car accident. Three of the Defendants (National Union, Estes Express, and Charles Ober) removed the case based on an assertion of diversity jurisdiction, which places the burden on them to allege with particularity the citizenship of each party. The notice of removal appears to adequately allege the citizenship of Plaintiff and the removing defendants, but the removing defendants will need to file an amended notice of removal to allege the citizenship of the fourth defendant, State Farm Mutual Automobile Insurance Company.

The petition describes State Farm as a UM carrier. The notice of removal merely alleges that State Farm is, upon information and belief, a "citizen of a foreign state." For the removing defendants to satisfy their burden of establishing diversity of citizenship, they must allege State Farm's citizenship with particularity, which means (if it is a corporation) identifying the state in which it is incorporated and the state where its principal place of

business is located. If State Farm is another form of entity, then detailed allegations must be provided in accordance with the rules that apply to that form of entity or association.

The notice of removal states that State Farm has not yet been served. Unserved defendants need not join in a notice of removal, but their citizenship is relevant to diversity. New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998). The need to nail down citizenship with respect to all parties at an early stage of the case was recently emphasized in Settlement Funding, LLC v. Rapid Settlements, Limited, ____ F.3d ____, 2017 WL1088275 (5th Cir. 2017). A complaint or notice of removal that relies on diversity jurisdiction must set forth the citizenship of all parties in detail.

It has been alleged in other cases that State Farm Mutual Automobile Insurance Company is a corporation that is incorporated in Illinois and has its principal place of business in Illinois. Edwards v. Liberty Mutual Ins. Co., 2015 WL 2358256, n.2 (M.D. La. 2015); Ravenbauer v. State Farm, 09 CV 0658, Doc. 16 (W.D. La.); and Curtis v. State Farm, 2011 WL 2457870 (E.D. La. 2011).

The court will assess jurisdiction after the amended notice of removal is filed. If jurisdiction is established, and once all defendants (including State Farm) have answered, the court will set a scheduling order. If Plaintiff has not yet served State Farm, she should do so promptly and within the 90 days permitted by Fed. R. Civ. Pro. 4(m) or otherwise resolve her claim against the UM carrier.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of April, 2017.

                                            Mark L. Hornsby
                                            U.S. Magistrate Judge